UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PRESERVATION COALITION OF ERIE COUNTY,

            Plaintiff,

   v.                                               **ORDER**

FEDERAL TRANSIT ADMINISTRATION, et al.           99-CV-745S

            Defendants.

**DISCUSSION**

On June 13, 2001 and February 28, 2002, this Court issued Decision and Orders finding Plaintiff to be a prevailing party under the National Historic Preservation Act ("NHPA") and awarding it attorneys' fees of $131,402.25 and expert witness fees and costs of $35,391.16.  The Defendants sought clarification regarding allocation and, on May 28, 2002, this Court found Defendants Federal Transit Administration ("FTA"), Niagara Frontier Transit Authority ("NFTA") and New York State Urban Development Corporation, doing business as Empire State Development Corporation ("ESDS"), jointly and severally liable for the fees and costs awarded to Plaintiff.

The FTA, NFTA and ESDS appealed, challenging the determination that Plaintiff was a prevailing party under the NHPA.  In addition, the NFTA and ESDS argued that they are not federal agencies and, therefore, cannot be held liable under the NHPA.

The Second Circuit affirmed this Court's finding that Plaintiff is a prevailing party under the NHPA, reversed the finding of liability as to the NFTA and ESDS, and remanded for a recalculation of attorneys' fees and costs as against the FTA.  In particular, the

Second Circuit held that under Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), Plaintiff "is not entitled to recover expenses for activities after [March 31, 2000], because no court-ordered alteration of the parties' legal relationship resulted from those efforts." Preservation Coalition of Erie County v. Federal Transit Administration, 356 F.3d 444, 455 (2d Cir. 2004). In its conclusion, the Second Circuit reiterated that Plaintiff is not "entitled to recover fees as [sic] costs . . . incurred for work subsequent to the court's March 31, 2000 order." Id. at 456.

In light of the foregoing, this Court recalculates its previous awards of attorneys' fees and costs as follows.

Attorney Richard G. Berger's time records through March 31, 2000 reflect 248.15 hours of work related to obtaining the court order for a Supplemental Environmental Impact Statement which rendered Plaintiff a prevailing party in this action.[1] This Court's prior determinations that one hundred eighty-five dollars per hour is a reasonable rate for Berger and that, because his time records did not include sufficient detail as to the nature of the work performed, it is appropriate to make a proportionate reduction of fifteen percent in the hours submitted, are not altered by the Second Circuit's decision. Accordingly, Plaintiff is entitled to attorney fees for Berger of thirty-three thousand twenty-one dollars

---

[1] The FTA had previously argued, and this Court agreed, that Berger's communications with newspaper reporters and his attendance at a public meeting sponsored by Plaintiff were unrelated to Plaintiff's obtaining prevailing party status. (Docket Nos. 84, ¶¶ 24-25 and 94, pp. 12-13). However, based on Berger's time records (Docket No. 76, Ex. A), those objectionable time entries all occurred after March 31, 2000, and no further adjustment of time is now required.

and fifty-eight cents ($33,021.58) (248.15 hours x $185 per hour x 85%).[2]

Attorney Francis C. Amendola's time records through March 31, 2000 reflect 367.8 hours of work related to obtaining the court order for a Supplemental Environmental Impact Statement which rendered Plaintiff a prevailing party in this action. This Court's prior determinations that one hundred fifty-five dollars per hour is a reasonable rate for Amendola and that, because his time records did not include sufficient detail as to the nature of the work performed, it is appropriate to make a proportionate reduction of fifteen percent in the hours submitted, are not altered by the Second Circuit's decision. Accordingly, Plaintiff is entitled to attorney fees for Amendola of forty-eight thousand four hundred fifty-seven dollars and sixty-five cents ($48,457.65) (367.8 hours x $155 per hour x 85%).

The FTA did not contest payment of an expert witness fee of five thousand dollars ($5,000.00) to Robert Melnick, Ph.D. and Plaintiff remains entitled to reimbursement for that cost, which is in accord with the Second Circuit's decision.

Plaintiff was previously awarded ten thousand one hundred seventy-two dollars and twenty-one cents in expert witness fees for the work of Daniel Rogers of Ryan-Biggs. That award, which included compensation for work performed after March 31, 2000, must be reduced. Plaintiff remains entitled to payment for work performed through March 31, 2000, as set forth in Ryan-Biggs' invoices numbered 19253, 19403, 19563, 19659. (Docket No.

---

[2] While this Court had previously found that Plaintiff was entitled to recover attorneys' fees relative to the preparation and defense of its fee petition, the Second Circuit's holding that Plaintiff is not entitled to recover "fees incurred for work subsequent to the court's March 31, 2000 order" precludes such recovery.

99, Tielman Aff., Ex. 2).  These invoices, totaling ten thousand five hundred fifty dollars and thirty-four cents, are reduced by one thousand two hundred ninety-six dollars and fourteen cents for Rogers' attendance at a meeting of a committee of the Buffalo Common Council (*Id*., Ex. 1), which previously was found to be unrelated to the outcome of the litigation.  Based on this recalculation, Plaintiff is entitled to nine thousand two hundred fifty-four dollars and twenty cents ($9,254.20) for Rogers' work.

Plaintiff had been awarded fifteen thousand two hundred fifty dollars and thirty-three cents for the work of Roy Mann, a waterfront planner, and three thousand four hundred ninety-eight dollars for the Compton Company's preparation of construction cost estimates. Plaintiff first retained Mr. Mann in April 2000 and all work by the Compton Company was performed in June 2000.  (*Id*., ¶¶ 7-9).  Plaintiff is not entitled to reimbursement for these costs, all of which were incurred after March 31, 2000.

Plaintiff submitted a spreadsheet with its motion for attorneys' fees relative to the expenses it incurred in prosecuting the litigation. (Docket No. 69, Berger Aff., Ex. B).  Once the expert witnesses and vendors already discussed above are excluded, the remaining expenses total one thousand four hundred seventy dollars and sixty-two cents, an amount previously awarded to Plaintiff.  Because that award included several expenses which appear to have been incurred after March 31, 2000, it is hereby reduced to six hundred eighty-three dollars and forty-two cents ($683.42).[3]

---

[3] Plaintiff's spreadsheet reflects only the date on which payments were made, not the date the various expenses actually were incurred.  Plaintiff made payments of four hundred twelve dollars and sixty-seven cents prior to March 31, 2000 for which it is entitled to reimbursement.  In addition, Plaintiff is properly reimbursed two hundred seventy dollars and seventy-five cents for transcripts which it did not pay for until April 5, 2004, but which were issued, based on this Court's records, on March 3 and 9, 2000. As for the nine expenses now disallowed, Plaintiff concedes that three of them were incurred during May

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff is entitled to recover attorneys' fees and costs as a prevailing party under the National Historic Preservation Act against the Federal Transit Administration in the following amounts:

(A) Eighty-one thousand four hundred seventy-nine dollars and twenty-three cents ($81,479.23) in attorneys' fees for the work of Richard G. Berger, Esq. and Francis C. Amendola, Esq.;

(B) Fourteen thousand two hundred fifty-four dollars and twenty cents ($14,254.20) in expert witness fees for the work of Robert Melnick, Ph.D. and Daniel Rogers; and

(C) Six hundred eighty-three dollars and forty-two cents ($683.42) for other costs.

FURTHER, the Clerk of the Court is directed to enter an Amended Judgment consistent with this Order.

SO ORDERED.

Dated:     June 2, 2005
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

and June 2000.  (Docket No. 87, ¶¶ 23-24).  Absent information from Plaintiff to the contrary, this Court assumes that the remaining six expenses, paid between April 15 and July 27, 2000 (check numbers 3986, 3991, 4024, 4027, 4093, 4095), were all incurred after March 31, 2000.